**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| In re:  NORMAN L HANCOCK, and | Case No. 22-31936-KRH |
| PHYLISS B HANCOCK, | Chapter 7 |
| Debtors. | |

## OPINION AND ORDER DENYING MOTION TO REOPEN

On July 19, 2022 (the "Petition Date"), Norman L. Hancock (the "Debtor") and Phyliss R. Hancock (the "Joint Debtor," and together with the Debtor, the "Debtors"), by counsel, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned case (this "Case").[1] The Chapter 7 trustee appointed in this Case filed a *Report of No Distribution* [ECF No. 14] on August 16, 2022.[2] The Debtors received their discharge on October 19, 2022, and the Case was closed on October 24, 2022.

On August 10, 2022, while the Debtors' Case was still pending, the Camp Lejeune Justice Act of 2022 was enacted into law. Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802-03 (2022) [hereinafter, the "Act"]. The Act provides in pertinent part:

> An individual . . . who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

*Id.* § 804(b), 136 Stat. at 1802. The Debtor alleges that he may have a claim (the "Claim") under

---

[1] In a Chapter 7 proceeding, a debtor surrenders control of all nonexempt assets to a trustee who is appointed to administer the surrendered property for the benefit of the creditors of the debtor in exchange for being granted a discharge from certain kinds of debts.

[2] In most Chapter 7 cases, such as in the Case at bar, there are no nonexempt assets for the trustee to administer.

the Act for injuries and illness he suffered prior to the Petition Date.[3] The Debtors did not amend their schedules to include the Claim in their Chapter 7 Case.[4]

This matter now comes before the Court upon the *Motion to Reopen Case* [ECF No. 18] (the "Motion") filed by the Debtors. The Debtors seek permission to reopen the Case to permit them to file amended schedules in order to disclose the Claim.[5] The Court conducted a hearing on the Motion on February 1, 2023, (the "Hearing") at which counsel for the Debtors and the Office of the United States Trustee for Region 4 (the "U.S. Trustee") were present. The U.S. Trustee took no position at the Hearing as to whether the Case should be reopened.

The Court has subject matter jurisdiction of this matter under 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate pursuant to 28 U.S.C. § 1409(a).[6]

A closed bankruptcy case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "Whether a bankruptcy case should be opened is left to the sound discretion of the bankruptcy court and depends on the circumstances of the case." *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007) (citing *Hawkins v. Landmark Fin. Co.*, 727

---

[3] The Debtor alleges he has had cancer and was stationed at Camp Lejuene. Mot. 10, ECF No. 18 at 10.

[4] A debtor is required to file schedules that disclose all the debtor's assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i). The schedules must be prepared as prescribed by the appropriate Official Forms. Fed. R. Bankr. P. 1007(b)(1). A debtor has a continuing duty to supplement the schedules, and this duty continues even after a case is closed. *Id.* 1007(h).

[5] The Debtor had the right to amend his schedules up until the time that his Case was closed. *Id.* 1009(a). Now that his Case is closed, the Debtor needs to establish excusable neglect in order to amend his schedules to claim additional exemptions. *In re Wilmoth*, 412 B.R. 791, 800 (Bankr. E.D. Va. 2009).

[6] The Act provides that the United States District Court of the Eastern District of North Carolina shall have both exclusive jurisdiction and venue for any action brought pursuant to the Act. Act § 804(d), 136 Stat. at 1803. This is not an action under the Act. This Court is solely determining whether the Claim is property of the Debtor's estate, not the validity of the Claim itself.

2

F.2d 324, 326 (4th Cir. 1984)). "[T]he Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act." *In re Shin*, No. 17-13509-BFK, 2021 WL 603380, at *2, 2021 Bankr. LEXIS 353, at *3, (Bankr. E.D. Va. Feb. 16, 2021) (citing *In re Conner*, No. 12-72146, 2014 WL 879639, at *1, 2014 Bankr. LEXIS 844, at *2 (Bankr. W.D. Va. Mar. 5, 2014); *In re Cutright*, No. 08-70160-SCS, 2012 WL 1945703, at *4, 2012 Bankr. LEXIS 2419, at *12 (Bankr. E.D. Va. May 30, 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)).

The filing of a voluntary petition "creates an estate." 11 U.S.C. § 541(a). Property of the estate includes, with some exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case."[7] *Id.* "The scope of Section 541 is broad and includes intangible property such as a cause of action." *Labgold*, 573 B.R. at 649 (quoting *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989)). In a Chapter 7 case, property acquired by a debtor after the commencement of the bankruptcy case generally does not become property of the estate. *See Harris v. Viegelahn*, 575 U.S. 510, 513-14 (2015) ("[W]hile a Chapter 7 debtor must forfeit virtually all his prepetition property, he is able to make a 'fresh start' by shielding from creditors his postpetition earnings and acquisitions."). Accordingly, the Court must determine whether the Debtor's Claim for the prepetition injury he allegedly suffered at Camp Lejeune is property of the Debtors' bankruptcy estate. If the Claim is not property of the bankruptcy estate, then there is no need for the Debtors to amend their schedules and statements to include the Claim, and the Motion should be denied.

---

[7] "[A]ny property scheduled under section 521(a)(1) of [the Bankruptcy Code] not otherwise administered at the time of the closing of a case is abandoned to the debtor and [deemed] administered." 11 U.S.C. § 554(c). "Property of the estate that is not abandoned . . . and that is not administered . . . remains property of the estate." *Id.* § 554(d). If a Chapter 7 debtor fails to disclose property of the estate on his schedules and statements in a case, that property "remains the property of the estate even after the case is closed." *Labgold v. Regenhardt*, 573 B.R. 645, 649 (E.D. Va. 2017).

3

The Bankruptcy Code defines a "claim" as a right to payment or equitable remedy. 11 U.S.C. § 101(5). The Court finds that the Debtor had no right to payment of the Claim on the Petition Date. While the facts giving rise to the Debtor's alleged Claim occurred prepetition, the right to assert that Claim, the cause of action itself, did not come into existence until August 10, 2022. The Debtor's right to payment under the Act did not accrue until the Act was signed into law. The Act is more than just a waiver of sovereign immunity – it created of a new federal cause of action. *Compare* Act § 804(f), 136 Stat. at 1803 ("The United States may not assert any claim to immunity in an action under this section that would otherwise be available under section 2680(a) of title 28, United States Code.") *with id.* § 804(b), 136 Stat. at 1803 (allowing certain individuals to "bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune."); *see also Fancher v. United States*, No. 5:22-CV-315, 2022 WL 17842896, at *4, 2022 U.S. Dist. LEXIS 228319 *9 (E.D.N.C. Dec. 20, 2022) ("Congress created a new federal cause of action in section 804(b)" of the Act). That new federal cause of action accrued on the date of enactment. *Fancher*, 2022 WL 17823929, at *5, 2022 U.S. Dist. LEXIS 228319 *11 ("[E]ach plaintiff's claim . . . did not accrue until August 10, 2022, when the Camp Lejeune Justice Act became law."); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (a claim accrues under federal law when the plaintiff has a complete and present cause of action).

The date upon which the Debtor suffered the alleged injury is irrelevant. The Debtor did not have a claim within the meaning of the Bankruptcy Code until August 10, 2022 – which occurred after the Petition Date. Because the Debtor's right to assert payment of the Claim arose postpetition, the Claim belongs to the Debtor and is not property of the bankruptcy estate. *Harris*, 575 U.S. at 513-14. The Claim is not an asset that could be administered by a Chapter 7 trustee

for the benefit of the creditors of the bankruptcy estate.  As reopening this Case would be futile, the Court should deny the Motion.  *In re Shin*, 2021 WL 603380, at *2, 2021 Bankr. LEXIS 353, at *3.  In consideration whereof, it is therefore

        **ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Claim is not property of the bankruptcy estate.

2.      The Motion to Reopen is **DENIED**.

Dated:  February 7, 2023

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  February 7, 2023

**Copies to:**

**Norman L Hancock**
**Phyliss B Hancock**
2911 East Stony Hill Court
Apartment 1B
Richmond, VA 23235

**H. Darden Hutson**
Fresh Start Law Office Pllc.
4807 Hermitage Road
#205
Richmond, VA 23227

**Michael Owen Wells**
Smith, Barden & Wells, P.C.
1330 Alverser Plaza
Midlothian, VA 23113

**John P. Fitzgerald, III**
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219